## UNITED STATES *v.* ATHERTON.

1. A bill in chancery to set aside a judgment or a decree of a court of competent jurisdiction on the ground of fraud must set out distinctly the particulars of the fraud, the names of the parties who were engaged in it, and the manner in which the court or the party injured was misled or imposed on.
2. A bill to set aside or annul a patent of the United States for public lands, or to correct it on account of fraud or mistake, must show, by like averments, the particulars of the fraud, and the character of the mistake and how it occurred.

APPEAL from the Circuit Court of the United States for the District of California.

The facts are stated in the opinion of the court.

*Mr. William J. Johnston* and *Mr. James K. Redington* for the appellant.

No counsel appeared for the appellees.

MR. JUSTICE MILLER delivered the opinion of the court.

This was a bill in chancery, brought in 1877 under the direction of the Attorney-General, by the attorney of the United States for the District of California, as well on behalf of the United States as of certain settlers and pre-emptors upon the public lands described in the bill.

Its object is to set aside a decree of the District Court for that district, rendered, on appeal, in 1860, confirming a claim which had been formally passed upon by the board of commissioners for the settlement of private land-claims in California.

The history of the case given by this bill is that the claim was originally presented to the board of commissioners as a Mexican grant, and confirmed by that board. On appeal to the District Court, that order was reversed, and the claimant's petition dismissed.

About four years after this, a grantee of the claimant filed a bill of review in the District Court, which set aside its former order of dismissal, and affirmed the order of the board of commissioners confirming the grant. Something of a history of the origin of the grant is given in the bill, from which it would

appear that it was founded in forgery and was otherwise illegal; and, certainly, on the face of this bill, if it were an open question, the title could not be sustained.

But before we can reach this inquiry, it is necessary to get rid of the decree of the District Court. That the board of commissioners and the District Court had jurisdiction, the one original and the other by appeal, of this claim is not doubted. It is not denied by counsel, nor can it well be doubted, that the District Court had jurisdiction by bill of review in a proper case to set aside and correct its former decree. The present bill does not set out that bill of review, or even its substance. It does not show whether any defence was made to it by the United States, or any process served on any of its officers. It gives no more of the proceedings in that case than it chooses, and this is scant indeed. The case having been heard on demurrer to this bill which was dismissed, every presumption not inconsistent with its allegations is to be made in favor of the decree of the District Court. It is, therefore, to be presumed that, on the questions raised by the bill of review, there was a full and fair hearing, and that the rights of the parties were duly considered.

The only impeachment of that decree is in a single paragraph of the present bill, which reads as follows : " And your orator charges that the action of said United States District Court for the Southern District of California in the premises, in setting aside and vacating its former decree and confirming said claim, was irregular and without authority of law, and that said former decree rejecting said claim had become final."

A decree of a court of record is not to be set aside seventeen years after it has been rendered, because it was irregular, or erroneous. We have already said that the court had jurisdiction of the matter. If its action was in any other respect without authority of law, it surely should have been shown what that was. The decree rejecting the claim became final in the sense that it had settled the rights of the parties; and it, like any other, was subject in a proper case to be opened by a bill of review within five years after it had been passed. There is no allegation of fraud in procuring it; no imputation is made upon the court.

The present bill avers that no new testimony was offered on the hearing of the bill of review, but that the latter was founded on the allegation that the former decree was erroneous, and ought to be reversed for error apparent in the record. It was so reversed, and the decree ultimately rendered simply confirmed the action of the board of commissioners.

It is impossible to hold that such a decree should be opened for a new hearing on such allegations as these, so long after it was made. No fraud is charged against it; no error of law pointed out; no want of jurisdiction asserted. There is but a loose, disconnected effort to show that, if another hearing could be had, the result would be different.

The bill also alleges that the patent issued by the United States does not conform to the survey which was finally approved in the surveyor's office. This patent bears date Feb. 16, 1875, and the present bill was filed two years after. The discrepancy alleged between the amount of land covered by the survey and that covered by the patent is very large. The bill was filed within a reasonable time after the patent issued. We should be very much inclined to sustain any bill showing such a squandering of the public land if the allegations had been sufficiently specific to call upon the defendant to answer. Such a bill must rest, however, on the ground of fraud or mistake, and it is too clear for argument that it should set out the particulars of the fraud, or the manner in which the mistake occurred.

No copy of the patent is exhibited, nor of the survey with which it is said to differ.

There is only the general allegation that certain persons, not named therein, conspired together, and by false and fraudulent representations and suppression of facts imposed upon the officers connected with the land-office at Washington, and fraudulently procured the patent to be issued.

No names of the parties who committed the fraud, no names of the persons or designations of the officers imposed on, are given. It is at war with the whole character of proceedings in courts of equity to call in aid its extraordinary power to set aside on these allegations such a solemn public record as a patent of the United States.

We had occasion to discuss this matter so recently in *Marquez* v. *Frisbie* (101 U. S. 473), that we will content ourselves with a reference to that case.

It is urged that, after the court had sustained a demurrer to the bill, the complainant asked leave to amend; which was refused, on the ground that no amendment could be made which would justify the relief prayed. The right to amend after a demurrer has been sustained must rest largely, if not wholly, in the discretion of the court; and while we are not prepared to hold that in no case will its action in the matter be reviewed here, we have no hesitation in saying that the abuse of this discretion must be made plain to authorize us to do so. In the case before us, there is no suggestion of the nature of the amendment proposed to be made. No amendment was offered for the consideration of the court, nor do we know in what particulars the parties desired to amend. We have no foundation, therefore, on which to affirm that the court erred in refusing the request.

*Decree affirmed.*