## SOUTHERN PAC. R. Co. *v.* WHITTAKER.

*(Circuit Court, N. D. California.   July 27, 1891.)*

FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION.
   In an action of ejectment in the United States circuit court, plaintiff alleged that it derived title to the lands from acts and grants of congress, and that defendant denied the validity of those grants.   Defendant answered admitting the validity of the acts and grants, and claimed that the land in controversy lay outside of the grants.   *Held*, that no federal question was presented, and the action must be dismissed.

At Law.   Action of ejectment by the Southern Pacific Railroad Company against Horace Whittaker.
   *Joseph D. Redding*, for plaintiff.
   *A. R. Cotton*, for defendant.

HAWLEY, J., *(orally.)*   This is a suit in ejectment to oust defendant from certain lands situate in Tulare county, Cal., to which plaintiff claims title under the provisions of section 3 of the act of congress of July 27, 1866, granting lands to aid in the construction of railroads.   14 U. S. St. 294.   The plaintiff alleges, among other things, "that the plaintiff derives its title to said land and premises from acts and grants and laws of congress of the United States of America, and the defendant denies the validity of said grants of the said land, and of the said acts, and of the said laws."   To the amended complaint the defendant interposed a plea in abatement, and averred that the court "ought not to take and have jurisdiction or cognizance" of this suit upon the ground (1) that said plaintiff and defendant are both citizens of the state of California; (2) that defendant "does not deny the validity of any or either of the acts, grants, or laws of congress to which reference is made in the amended complaint."   This plea was referred to the master in chancery to take the testimony and report to the court as to the sufficiency of the plea.   The master filed his report to the effect that the plea was good upon the first ground as to the citizenship of the parties, but declined to act upon the second ground, as no answer had been filed.   The exceptions taken to this report by the defendant were overruled.   Defendant, having filed his answer, now moves the court to dismiss the suit upon the ground that the issues presented by the pleadings do not raise any dispute or controversy properly within the jurisdiction of this court to determine.   The answer, among other things, denies "that said land and premises are, or that any part thereof is, within the limits of said grant under said act of congress," and admits the validity of all of the acts, grants, and laws of congress mentioned in said amended complaint; but the defendant contends that none of the land in controversy was included in any of said grants.
   It is evident, from an inspection of the pleadings, that the other denials in the answer to the other allegations of the complaint are governed and controlled by the admissions above referred to, and are based

solely upon the ground, as alleged, that the land in question is not within the limits of the grant under which plaintiff claims title. To maintain the jurisdiction of this court, it must clearly and affirmatively appear from the pleadings that there will arise some contested point of law or fact, depending upon the constitution of the United States, or of the construction, operation, or effect of some statute of the United States. *Trafton* v. *Nougues*, 4 Sawy. 178; *McFadden* v. *Robinson*, 10 Sawy. 400, 22 Fed. Rep. 10; *Hambleton* v. *Duham*, 10 Sawy. 489, 22 Fed. Rep. 465; *Theurkauf* v. *Ireland*, 27 Fed. Rep. 769; *State* v. *Railroad Co.*, 33 Fed. Rep. 391; *Austin* v. *Gagan*, 39 Fed. Rep. 626; *Fitzgerald* v. *Railroad Co.*, 45 Fed. Rep. 819. It does not affirmatively appear that any questions of this character are presented by the pleadings in this case. The motion to dismiss the suit is granted.