## LOS ANGELES FARMING & MILLING CO. *v.* HOFF *et al.*

*(Circuit Court, S. D. California. December 7, 1891.)*

1. REMOVAL OF CAUSES—FEDERAL QUESTION—PETITION.

   A petition for removal, which merely avers that the determination of the controversy involves the construction of the homestead laws of the United States and the validity of a patent from the United States, but fails to allege any facts from which the court may see that such questions do actually arise, is insufficient.

2. SAME—EJECTMENT—MEXICAN GRANTS.

   In an ejectment suit removed to a federal court the pleadings showed that plaintiffs had been in possession under a patent issued in confirmation of a Mexican grant for many years before defendants entered. Defendants denied that the lands were subject to grant, and also denied the validity of the confirmation of the grant and of the patent issued thereon, and they claimed the land was subject to homestead entries. *Held*, that these pleadings raise no federal question, to enable the court to retain jurisdiction, for defendants, being strangers to the paramount title, cannot question the validity of plaintiff's patent.

3. SAME—BOUNDARIES.

   The issue raised by defendants as to whether the land sued for was included in the grant, as defined by the patent, presents no federal question, as it merely involves the location of boundary lines.

At Law. On motion to remand. Action by the Los Angeles Farming & Milling Company against Hoff and others.

*Stephen M. White* and *Graves, O'Melveney & Shankland*, for plaintiff.

*H. Bleecker* and *John D. Pope*, for defendants.

ROSS, J. This action was commenced on the 24th of October last in the superior court of Los Angeles county. It is an action of ejectment, the complaint being duly verified. In it, it is, among other things, alleged that the plaintiff is, and has been for many years continuously last past, the owner in fee and in the possession of the tract of land upon which the defendants are alleged to have entered on the 8th day of October, 1891, and from which they are alleged to have then ousted the plaintiff, consisting of a part, embracing many thousands of acres, of the Rancho San Fernando, for which rancho it is alleged the government of the United States, on the 8th of January, 1873, duly issued and delivered to one Eulogio F. De Celis a patent, in confirmation of a Mexican grant therefor to him made June 17, 1846, by Pio Pico, then governor of the department of the Californias, and whose title to the portion of the rancho here in controversy it is alleged vested, through various mesne conveyances, in the plaintiff long prior to the defendant's entry upon the premises. It is alleged that the patent so issued has never been set aside or modified in any respect, and that it is still in full force and effect; that for 20 years last past plaintiff and its predecessor in interest have been continuously and uninterruptedly engaged in farming and pasturing the portion of said rancho so owned and possessed by them, and have produced annually large crops of grain thereon, and have erected and maintained at great expense numerous farming stations thereon, and have reduced large areas of said land to a high state of cultivation. It is upon land so patented and possessed that defendants

are alleged to have entered, and from which they are alleged to have ousted the plaintiff. The defendants are many in number, and many of them were sued by fictitious names, their true names being, as alleged, unknown to the plaintiff. In the superior court counsel appeared for "the defendants," without naming any of them, and in their behalf moved that the case be removed to this court, stating in the petition therefor, in addition to the value of the property in dispute, "that the controversy in said action involves the construction of the statutes of the United States respecting the location of homesteads on the public lands thereof, and a determination of the rights of the petitioners, who claim an interest in said lands as *bona fide* holders of homestead locations thereon; and said controversy also involves the determination of the validity of the alleged patent of the United States under which plaintiff claims to own the premises described in the complaint, which patent defendants claim is illegal, fraudulent, null, and void." At the same time the petitioners tendered a bond, with the required conditions, signed by one of the defendants as principal and by two sureties. The bond was accepted by the superior court and the order of removal made. Upon the filing of the papers in this court a motion was made by the plaintiff to remand the case to the state court. Before its hearing an amended petition was filed on behalf of the defendants, and also an answer to the complaint.

The provisions of the act of congress under which it is contended on behalf of the defendants the case was properly removed, and should be retained here, are as follows: "That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution and laws of the United States;" and "that any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, * * * of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending or which may hereafter be brought in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district." 24 U. S. St. at Large, 552. The original petition filed on behalf of the defendants, and on which the order of removal was made, did not state a single fact upon which the court could exercise its judgment and determine whether the suit in question did or did not arise under the laws of the United States. The statement in respect to that matter in that petition was confined solely to the conclusions of the petitioners, which are manifestly insufficient. It is the duty of the parties to state the facts, and the province of the court to declare the conclusions. The defendants cannot raise a federal issue simply by saying that it exists. It is essential that facts be stated from which the court can see that such a question will be involved. In *Trafton* v. *Nougues*, 4 Sawy. 183, Judge SAWYER, in construing a petition for removal, said:

"The only other allegation is that the 'right to said mining ground by plaintiff depends upon the laws of congress, and the right or title of defendant to said mining ground aforesaid must also be determined by the acts of congress under which defendant and petitioner claims title, and that the right of the plaintiff as against the defendant must be determined under the laws of the congress of the United States.' This is, in substance, two or three times repeated; but it is only the statement of a legal conclusion, rather than a fact, and a conclusion manifestly founded upon the general idea that all mining claims are so held that an action relating thereto, involving the rights of the parties to the mine, necessarily arise under the acts of congress, within the meaning of the act giving jurisdiction to the national courts,—an erroneous conclusion, if I am right in the views above expressed. These allegations express merely the opinion of the petitioner that the jurisdictional question will arise. In my judgment, such averments are insufficient to justify a transfer or retaining the case now brought here. The precise facts should be stated out of which it is supposed the jurisdictional question will arise, and how it will arise should be pointed out, so that the court can determine for itself whether the case is a proper one for consideration in the national courts."

The amended petition contains, in addition to the statements set forth in the original petition, the following:

"And petitioners say that they do in good faith claim possession and the right of possession to the premises described in plaintiff's complaint by virtue of homestead locations made under the laws of the United States; and they also say that they deny that there ever was any Mexican grant, or any other kind or description of grant, to the lands described in the complaint herein, or any part thereof, to the said Eulogio F. De Celis. They allege that the lands described in the complaint were mission lands at the date of the alleged grant mentioned in the complaint: and they deny that Pio Pico, as constitutional governor, or otherwise, had any right, power, authority, or jurisdiction to grant said lands, or any part thereof. They allege that the decree of confirmation of said pretended grant, under and by virtue of which it is claimed by plaintiff that a patent was issued to said Eulogio F. De Celis, did not cover or include any part of the premises described in the complaint; that said decree of confirmation only confirmed to said Eulogio F. De Celis fourteen leagues of land, or sixty-two thousand two hundred and sixteen acres; that the lands so confirmed to the said Eulogio F. De Celis were bounded on the north by the Rancho San Francisco, on the west by the Santa Susanna mountains, on the east by the Rancho Miguel, and on the south by the Portezuelo; that said boundaries did not cover or include any part of the lands demanded in the complaint, and that said alleged patent, if the same does cover or include any part of the said lands, is illegal, fraudulent, null, and void."

The answer filed by the defendants is as follows:

"(1) They deny, on information and belief, that there ever was any Mexican grant, or any other kind or description of grant, to the lands described in the complaint herein, or any part thereof, to the said Eulogio F. De Celis. (2) They allege, on information and belief, that the lands described in the complaint were mission lands at the date of said alleged grant; and they deny, on information and belief, that Pio Pico, as constitutional governor or otherwise, had any right, power, authority, or jurisdiction to grant said lands, or any part thereof. (3) They allege, on information and belief, that the decree of confirmation of said pretended grant under and by virtue of which it is alleged in the complaint that a patent was issued to the said Eulogio F. De Celis did not cover or include any part of the premises described in the com-

plaint; that said decree of confirmation only confirmed to said Eulogio F. De Celis fourteen leagues of land, or sixty-two thousand two hundred and sixteen acres; that the lands so confirmed to the said Eulogio F. De Celis were bounded on the north by the Rancho San Francisco, on the west by the Santa Susanna mountains, on the east by the Rancho Miguel, and on the south by the Portezuelo, and that said boundaries did not cover or include any part of the lands demanded in the complaint; and that said alleged patent, if the same does cover or include any part of said lands, is illegal, fraudulent, null, and void. (4) As to whether the said alleged patent to the said Eulogio F. De Celis, as issued, covers or includes all the lands demanded in the complaint, or as to what part or portion of said premises is covered or included in said pretended patent, or whether the premises in possession of defendants, or either of them, are within the boundaries of said alleged patent, defendants have not sufficient information or belief to enable them to answer, and on that ground they deny that said pretended patent covers or includes the said demanded premises. (5) Defendants allege that they, in good faith, claim possession and the right of possession to the premises described in the complaint, in severalty and not jointly, by virtue of homestead locations made under the laws of the United States."

As already observed, the law is that, before this court can be required to retain, or can be justified in retaining, this or any similar suit under its jurisdiction, the record must show a state of facts from which the court can see that the suit is one which really and substantially involves a dispute or controversy as to a right which depends upon the construction or effect of some law of the United States. By the pleadings of the parties to the present suit the fact stands admitted that at the time of the entry of the defendants upon the premises in question the plaintiff was, and for many years had been, in the actual possession and enjoyment of the land under a patent issued by the government of the United States to the predecessor in interest of the plaintiff, in confirmation of a grant made to him therefor by the Mexican government. True, the defendants deny that any Mexican grant was ever made to De Celis for the land in question, and deny that Pio Pico, as governor of the Californias, had any power to grant it; and they allege that the lands purported to have been granted by him were mission lands; and, further, that the decree of the United States tribunals confirming the grant did not include the lands in dispute. The answer to all of this is that those are matters that do not concern the defendants. The record contains no fact tending to connect them with the title to the property or with the government of the United States. If there is anything well and thoroughly settled with respect to patents issued by this government in confirmation of Mexican grants, it is that they conclusively establish the validity of the grant upon which such patents are based, and the correctness of the location of the land granted, as against strangers to the paramount source of title, as are the defendants. The facts admitted by the pleadings show them to be mere intruders upon the possession of the party holding under the solemn patent issued by the government of the United States in recognition and confirmation of the grant made by Pico to De Celis. As such trespassers, they cannot be heard at all to question the validity of the grant upon which the patent was based, or the correct-

ness of the location of the granted lands by the officers of this government whose duty it was to locate them. *Smelting Co.* v. *Kemp*, 104 U. S. 645; *French* v. *Fyan*, 93 U. S. 169; *Marquez* v. *Frisbie*, 101 U. S. 475; *U. S.* v. *Atherton*, 102 U. S. 372; *U. S.* v. *Schurz*, Id. 404; *Patterson* v. *Tatum*, 3 Sawy. 172; *Chapman* v. *Quinn*, 56 Cal. 266. Those are questions with which defendants can have nothing to do. In respect to lands so patented it is impossible that any question under the homestead laws of the United States can arise, so long as the patent·stands, for those laws apply only to the lands of the government. The issue as to whether or not the lands in controversy in this suit are embraced by the grant to De Celis, as defined in the patent, presents no federal question. It merely involves the location of the boundary lines. These views render it unnecessary to consider the technical objections made to the bond. An order will be entered remanding the case to the state court from which it came, at the cost of the parties bringing it here.