### BUTLER v. SHAFER et al.

(Circuit Court, D. Oregon. April 2, 1895.)

COURTS—JURISDICTION—FEDERAL QUESTION.

A bill for possession of lands claimed under the homestead laws, and for an injunction against interference by defendants, alleged that, at the time of complainant's entry, defendants were in actual possession, claiming the right to purchase the land from the United States under Act Sept. 29, 1890, providing for the forfeiture of lands granted the Northern Pacific Railroad Company, but that those in possession under "deed, written contract, or license from" the corporation, executed prior to January 1, 1888, or who had entered such land with bona fide intent to secure title from the corporation, should be entitled to purchase it from the United States, and that defendants were not within the description of those entitled to purchase under said act, but nevertheless threatened to prevent complainant, by force, from entering on his homestead and complying with the homestead laws. *Held,* that no federal question was presented, so as to give the court jurisdiction, as the decision did not depend on the construction of a law of the United States, but upon a question of fact.

Action by one Butler against one Shafer and others for possession of certain homestead land, and for an injunction. Defendants demurred on the ground that no federal question was involved, and the court was therefore without jurisdiction.

R. J. Slater and A. L. Frazer, for complainant.

Bailey & Balleray, for defendants.

GILBERT, Circuit Judge. The jurisdiction of this court is invoked on the ground that a federal question is involved in a case where the bill of complaint alleges, in substance, that on January 25, 1892, the complainant, who was qualified to enter land under the homestead laws of the United States, made due entry upon a certain quarter section of land in Umatilla county, Or., which was then unappropriated public land, and subject to such entry, and that he filed in the proper land office, with the register and receiver, his affidavit as required by law, and paid the lawful fees of such entry, and received from the said officer a receiver's homestead receipt; that at the time of making such entry the defendants were in the actual possession of the said land, but that their possession was and is without any legal or equitable right; that the defendants claimed to have settled thereon June 2, 1890, with the intent to secure title by purchase from the Northern Pacific Railroad Company, when it should have earned the same by compliance with the terms of the act of congress granting it the said land, and that by reason of such settlement the defendants now claim the right to purchase said land under the act of congress approved September 29, 1890; that at the time said act took effect the defendants were not in the possession of said land under any deed, written contract, or license from said railroad company, and they had not, prior to January 1, 1888, settled said lands with a bona fide intent, or any intent, to secure title, and had not, prior to the taking effect of the act of September 29, 1890, settled on said land, and that they have not since that date settled or resided thereon, but during all said time, and up to

the 30th day of July, 1891, they were settlers and residents upon other lands, not contiguous to the land in dispute, claiming the same under the homestead laws of the United States; that the defendants threaten and intend by force to prevent the complainant from entering upon his said homestead claim, and from complying with the terms of the homestead laws, whereby he may acquire title thereto. The complainant prays for a decree awarding him the possession of said land and enjoining the defendants from inter·fering therewith.

The act of September 29, 1890, provides for the forfeiture of certain lands granted to the Northern Pacific Railroad Company. Section 3 protects the rights of citizens and those who have declared their intention to become such, who were in the possession of any such lands "under deed, written contract, or license from" the corporation executed prior to January 1, 1888, or who may have entered said lands with bona fide intent to secure title thereto by purchase from the corporation, when earned by it; and it provides that such persons shall be entitled to purchase such lands, not to exceed 320 acres, from the United States, upon terms therein provided. In the complainant's statement of his controversy with the defendants, as set forth in the bill, it does not appear that a dispute exists as to the meaning of the homestead laws or of the act of congress of September 29, 1890. It is not shown that the complainant contends for one construction of a law of the United States and the defendants for another. It does not follow from any of the averments of the bill, that the court will be required to give interpretation to said laws or to said act, or to any of the terms thereof. The substance of the bill is that the complainant has duly entered land under the homestead laws, and is entitled to the possession thereof, and that the defendants are in the possession of the same, claiming right of possession under the act of September 29, 1890, and that their possession is wrongful, for the reason that they are not within the description of those whose rights are conserved by the provisions of the third section of the act; that is to say, the defendants had no deed, written contract, or license from the railroad company, and they never were actual settlers upon the land. The trial of these questions involves only an investigation of the facts. It is contended by the complainant that the court will be called upon to decide what is the nature of the settlement upon railroad lands which is intended to be protected by the act. This does not appear from the allegations of the bill. On the contrary, the statement of the facts distinctly negatives such a conclusion. If it is true that the defendants are not in privity with the railroad company by deed, contract, or license, and were not settlers upon the land, but resided elsewhere, the conclusion follows that their possession is without right; but in arriving at that conclusion there is not necessarily involved a construction of the language of the act. In order that the court may have jurisdiction, it is essential, not that the complainant shall state that a federal question exists, or that it will become necessary to construe a law of the United States, but that he shall state

facts from which the court may see that such a question will be presented. In Water Co. v. Keyes, 96 U. S. 199, it was held that there was no federal question "simply because, in the progress of the litigation, it may become necessary to construe the constitution or the laws of the United States. The decision of the case must depend upon that construction. The suit must, in part at least, arise out of a controversy between the parties in regard to the operation and effect of the constitution or laws upon the facts involved." Trafton v. Nougues, 4 Sawy. 183, Fed. Cas. No. 14,134; Austin v. Gagan, 39 Fed. 626; Railroad Co. v. Whittaker, 47 Fed. 529; Milling Co. v. Hoff, 48 Fed. 340. The demurrer to the bill must be sustained.