EDWARD P. ALLIS CO. v. WITHLACOOCHEE LUMBER CO. et al.

(Circuit Court of Appeals, Fifth Circuit. January 8, 1901.)

No. 980.

EQUITY—PLEADING—AMENDMENT—DISCRETIONARY RULING.

Under equity rule 35, providing that if a demurrer be allowed the court may, in its discretion, on motion of the plaintiff, allow him to amend his bill on such terms as it deems reasonable, the question of amendment is largely in the discretion of the court; and where demurrers were sustained to plaintiff's entire bill on May 31, 1899, and motion for leave to amend was not filed until September 7, 1899, and the bill, with amendments embodied, was not lodged with the clerk until January 6, 1900, there was no abuse of discretion in refusing leave to amend, though the amendment might have been a proper one, and the refusal was on the ground that it was improper, and also that it was precluded by delay.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

Herbert L. Anderson, for appellant.

Edmund F. Dunne and Eugene O'Dunne, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This bill in equity was filed in the circuit court of the Fifth judicial district of the state of Florida, and

it is conceded that the case was properly removed to the circuit court of the United States for the Southern district of Florida. The suit was brought by the Edward P. Allis Company, a corporation organized under the laws of Wisconsin, against the Withlacoochee Lumber Company, a corporation under the laws of New Jersey, and eight other defendants, one of whom was a citizen of the state of Florida, residing in the Southern district. After the case was duly removed to the United States circuit court several of the defendants filed separate demurrers to the bill. Among those who demurred were the Withlacoochee Lumber Company, Henry S. Paul, and M. A. Shaw. The grounds of their separate demurrers were, in brief, that the bill was multifarious, that there was a misjoinder of parties defendant, that the bill was without equity, and that the contract set up in the bill was void under the Florida statute of frauds. The court sustained all of the demurrers. It is conceded in argument in this court that the bill was multifarious, and it is therefore admitted that the demurrers on that ground were properly sustained. The only assignments of error, therefore, left for consideration are those relating to the refusal of the court to allow the bill to be amended. To present the question clearly, the dates of the several orders, motions, and decrees should be stated. On May 31, 1899, the demurrers were fully heard and sustained upon each and every ground of the demurrers, and the demurring defendants allowed to recover costs, but the bill was not dismissed. It does not appear that at this time the complainant asked leave to amend the bill. No suggestion as to an amendment appears in the record until September 7, 1899, when a motion was filed for leave to amend the original bill by dismissing it as to several of the defendants, and by making certain changes in the bill stated in the motion. It is not until January 6, 1900, that the bill with the amendments formally embodied in it is lodged with the clerk of the court, to be filed if allowed on the hearing. On March 29, 1900, the counsel for the complainant made application to have the motion for leave to amend set down for hearing. The hearing was set for April 16, 1900. Afterwards, on May 10, 1900, the circuit court made an order refusing to allow the amendment, and dismissed the bill without prejudice. The learned judge in refusing the amendment called attention to the fact that the demurrer to the bill had been sustained May 31, 1899, and that the amendment offered was not presented for filing until January 6, 1900; that the bill was sworn to, while the offered amendment was unsworn, and that the allegations of the unsworn amendment differed materially from the averments of the sworn bill; and that the allegations of the amended bill, when considered in connection with the allegations of the original sworn bill, do not entitle the complainant to the relief prayed for. It is not necessary, we think, for us to consider these suggestions of the circuit court.

Formerly the strict practice in equity did not allow the amendment of a bill after demurrer to the whole bill had been sustained. The sustaining of such demurrer put the case out of court, and it was ended. 1 Daniell, Ch. Pl. & Prac. (4th Ed.) 597. This strict rule seems to have been somewhat relaxed in modern equity practice, but

it would' not be useful to pursue the subject, as there is a written rule that governs the practice in the federal courts. Equity rule 35 provides that if the demurrer be allowed "the court may in its discretion, upon motion of the plaintiff, allow him to amend his bill upon such terms as it shall deem reasonable." This rule does not confer on the complainant, after a demurrer is sustained to the entire bill, the right to amend. Bank v. Carpenter, 101 U. S. 567, 25 L. Ed. 815. The question of the amendment is left in the discretion of the court,—a discretion that should always be exercised to promote the ends of justice. In U. S. v. Atherton, 102 U. S. 372, 26 L. Ed. 213, Mr. Justice Miller, delivering the opinion of the court, said:

"The right to amend after a demurrer has been sustained must rest largely, if not wholly, in the discretion of the court; and, while we are not prepared to hold that in no case will its action in the matter be reviewed here, we have no hesitation in saying·that the abuse of this discretion must be made plain, to authorize us to do so."

If we concede the complainant's contention that the amendment was one proper to be allowed, we could not review and reverse the decree, if we could do so in any event, unless it was made plain that the court below had abused its discretion. The rule quoted contemplates that the bill should be amended "upon the motion of the plaintiff." This motion should be made with reasonable promptness. Some of the cases lay down the rule so strictly "that the application to amend must be made as soon as the necessity of the amendment is discovered." Rodgers v. Rodgers, 1 Paige, 424. Here the complainant allowed several months to elapse before moving to amend, and as many more before formally presenting the proposed amendment. No evidence had been taken in the case. The bill was dismissed without prejudice, and the complainant could have filed a new bill asserting all rights that it proposed to assert by the amended bill. We find nothing in the case to indicate that there has been an abuse of the discretion by the court in refusing to allow the amendment. The decree of the circuit court is affirmed.