ALABAMA & VICKSBURG RAILWAY COMPANY ET AL. *v.* GRIGSBY
E. THOMAS ET AL.

1. DECREES. *Irregularities. Collateral attack. Appeal.*

   Mere irregularities in the record of a cause foreclosing a mortgage
   can only be complained of on appeal, and the final decree is not
   subject to collateral attack:

   (*a*) Because the pleadings were amended making new parties for
   whom publication was ordered without a proper affidavit; nor

   (*b*) Because the publication was made for an insufficient length of
   time.

2. PENDENCY OF SUIT. *Notice.*

   The pendency of a suit to foreclose a mortgage is constructive
   notice to all parties of the rights claimed by the complainant.

3. MORTGAGES. *Trustee. Parties to foreclosure suit.*

   In an action to foreclose a second mortgage, third mortgage bond-
   holders who were represented in the proceedings by the trustee
   in the mortgage under which they claimed were not necessary
   parties.

4. SAME. *Suit to vacate foreclosure. Offer to redeem.*

   In a suit by third mortgagees to vacate a foreclosure sale under a
   second mortgage which is admitted to be entitled to priority
   over the third mortgage, complainants must offer to redeem.

5. SAME. *Charges of fraud. Facts must be stated.*

   In a bill to set aside a foreclosure sale for fraud, general allega-
   tions of fraud, on information and belief, without any statement
   of the specific facts constituting the alleged fraud, are insuf-
   ficient.

6. SAME. *Statute of limitations. Code 1892, §§ 2731, 2763.*

   Where a bill to avoid a foreclosure sale was brought more than ten
   years after the sale, and after the purchaser had taken notorious
   and adverse possession, and there was no allegation that com-
   plainants were ignorant of any of the proceedings leading up to
   the sale, or of the claim of the purchaser thereat, nor that the
   alleged fraud in the sale had been concealed or was unknown
   to them, the cause of action was barred by limitation.

FROM the chancery court of Rankin county.

HON. HENRY C. CONN, Chancellor.

Thomas and others, appellees, were complainants, and the railway company and others, appellants, defendants in the court below. From a decree overruling defendants demurrer to the bill of complaint, they appealed to the supreme court.

*Harry H. Hall,* and *McWillie & Thompson,* for appellant, Alabama & Vicksburg Railway Company; *Mayes & Harris,* for appellant, Farmers' Loan & Trust Company.

If it be true that "soft words butter no parsnips," it is no less true that "hard words break no bones." A case of fraud cannot be made out in a bill of equity simply by the use of epithets, however liberal that use may be. *United States* v. *Atherton,* 102 U. S., 372; *Fogg* v. *Blair,* 139 U. S., 118; *Keat* v. *Canal Co.,* 144 U. S., 91; *Weir* v. *Jones,* 84 Miss., 602.

The bill should state concrete, specific facts, and not rest its case on mere charges of scheming and confederating, etc., without showing in what way damage was inflicted upon the complainant by the doing of what was done.

It appears that complainants, in violation of first principles, are not only seeking the interposition of equity without offering to do equity, but are also complaining of a proceeding which did them no hurt, since now, as heretofore, they are unwilling to redeem. Even in cases of proven fraud, a judicial sale will not be set aside at the instance of those who do not appear to have been prejudicially affected by it. *Harris* v. *Ransom,* 24 Miss., 504; *Gilmer* v. *Nicholson,* 21 La. Ann., 589; *Stockton* v. *Downey,* 6 La. Ann., 581; *Blockman* v. *Allison,* 1 Ky. Law, 278; 17 Am. & Eng. Ency. Law (2d ed.), 966.

The claim asserted in this bill is barred by the ten years' statutes of limitations, Code 1892, § 2763, which is the same as Code 1880, § 2696.

Assuming the bill to be otherwise good, and that it shows equity, etc., this section applies and bars the case made. Whether the decree of the federal court complained of and the sale made thereunder were void or were voidable, still the property

itself passed into the hands of the Alabama & Vicksburg Railway Company (the new company) ; and if this company did not acquire a good title thereto as against these complainants, then it took the property as trustee *ex maleficio.*

That an implied trust is within this section of the statute of limitations is well settled in this state. *Livermore* v. *Johnson,* 27 Miss., 284, 288; *Cook* v. *Lindsey,* 34 Miss., 451, 455; *Cooper* v. *Cooper,* 61 Miss., 676.

Even if the Alabama & Vicksburg Railway Company had taken the property as an express trustee, the statute would still have begun to run under the state of facts shown in the bill, since the Alabama & Vicksburg Company, when it took the property, took it under a claim of adverse right thereto, and, as the bill avers, has been continuously claiming the same ever since. *Westbrook* v. *Munger,* 61 Miss., 329.

There can be no question about the bar. If the bill is maintainable *now,* it was maintainable as soon as the Alabama & Vicksburg Railway Company took possession under claim of adverse right. The bill expressly states that it so took possession prior to November 25, 1889. This bill was filed on October 9, 1901, which is after the lapse of *over* eleven years and ten months.

Moreover, the bill shows, by its own affirmative averments, not only that the railroad company's property was taken possession of in 1889, but also that such possession has been since then *continuous,* and yet the bill shows absolutely no reason, it does not even profess to give an excuse, for the failure to assert the pretended equities of these complainants long ago.

Nowhere in this bill is there any pretense that these complainants, or any of them, were actually ignorant of anything that was doing in the federal court. Nowhere is it alleged that they were in ignorance of either the decree made, or of the sale before its making, or of the transfer of the property to the hands of the Alabama & Vicksburg Railway Company, or of the claim of ownership by that company. Indeed, if the bill had averred

such ignorance, as it does not so aver, such averment would have been, in the face of the facts shown in the bill, utterly fatuous and unavailing. This, for the reason that the taking possession of property is notice to all concerned of the nature and extent of the claim of right under which such possession is taken. That such is the law is well settled in Mississippi. See Brame & Alexander's Digest, p. 869, and the authorities there cited.

Such possession taken will even dispense with the necessity of publication in foreign attachment cases. See *Calhoun* v. *Ware,* 34 Miss., 146; *Erwin* v. *Heath,* 50 Miss., 795; *Loughridge* v. *Bowland,* 52 Miss., 546; *Cooper* v. *Reynolds,* 10 Wall., 315.

The ten years' bar cannot, therefore, be evaded on the excuse of ignorance; neither can it be evaded on the ground of concealed fraud, and for two reasons: (1) Because no *concealment* is averred in the bill, nor is even ignorance alleged to have existed at any time; and (2) because no fraud is alleged except what (if that can be deemed fraud at all) is, and always was, apparent on the very face of the record in the federal court.

Now, it is well settled that where a question of the statute of limitations turns on the proposition that the statute does not apply because of concealed fraud, the bill, if it shows on its face. that the period fixed by the statute as constituting the bar has elapsed, must, in order to avoid a demurrer, do either one of two things: It must *expressly* show that the fraud alleged to have been concealed was not discovered until a time within the period fixed; or else by its averments it must *substantially,* although it may not expressly, show the same fact. In other words, the concealment by which the operation of the bar is sought to be evaded must appear on the face of the bill, either by express or else by substantial averment, and if it do not so appear, the defendant is not put to his answer. *Livermore* v. *Johnson,* 27 Miss., 284, 290; *Buckner* v. *Calcote,* 28 Miss., 432,

596; *Wilson* v. *Ivy,* 32 Miss., 233; *Cook* v. *Lindsey,* 34 Miss., 451; *Edwards* v. *Gibbs,* 39 Miss., 166.

We have shown above that even if this bill had averred ignorance on the part of these complainants as an excuse for their failure to file the same at an earlier date, it would have been a futile and unavailing averment in the face of the facts shown, that the Alabama & Vicksburg Railway Company took actual and adverse possession of the property, and has been holding the same continuously ever since. We now call the court's attention to the further fact that even if the bill had undertaken to allege concealed fraud, such allegation would also have been futile and unavailing, for the reason that the bill shows in all its details throughout that the alleged fraud complained of was matter of public record in the federal court. *Young* v. *Cook,* 30 Miss., 320, 331; *Fleming* v. *Grafton,* 54 Miss., 79, 85; *State* v. *Furlong,* 60 Miss., 839; *Brooks* v. *Spann,* 63 Miss., 198; *Metcalfe* v. *Perry,* 66 Miss., 68, 78.

On the subject of laches and the inequity of enforcing claims which are not promptly asserted, especially where no excuse for delay is shown, we refer the court to *Foster* v. *Mansfield, etc., R. R. Co.,* 146 U. S., 88; *Harwood* v. *Railroad Co.,* 17 Wall., 78; *Johnson* v. *Standard Co.,* 148 U. S., 370; *Lansdale* v. *Smith,* 106 U. S., 391; *Norris* v. *Haggin,* 136 U. S., 386.

Promptness in the assertion of claims against mining property has, by reason of the frequent fluctuations in value, been often held to be essential, and the principle is quite as well settled in respect to railroad property. *Irvin-Lick Oil Co.* v. *Marbury,* 91 U. S., 587; 18 Am. & Eng. Ency. Law (2d ed.), 102.

The case of *Foster* v. *Mansfield, etc., R. Co., supra,* is on all fours with the one at bar.

*Green & Green,* for appellees.

The basis of our claim is as holders of third mortgage bonds of the Vicksburg & Meridian Railroad Company, issued in

1881, and the principal not due nor payable until 1921, twenty years hence. As an action at law founded on the personal obligation for the principal of them would now be dismissed as prematurely brought—and it is manifest that they will not be barred until six years after their maturity—in 1927. Hence, there has never been any default in payment of principal on which we could proceed. As to interest, the bond provides: "This bond . . . does not bear interest at any fixed rate, but the holders of the same shall be paid *pro rata* each year the annual net earnings of said company not exceeding seven per cent of the amount of the entire issue of such bonds of any one year, realized and remaining," etc., after payment of all the expenses of the railroad, including the payment of interest on both the first and second mortgage bonds. Nowhere in the record does it appear when this net income was made, or when it was diverted by our trustee—the things which determine and give rise to our cause of action for the interest. A demurrer was, hence, an improper pleading; and as to the statute of limitations, it must be overruled, as the bill does not show the facts upon which it can be based.

The case of *Millsaps* v. *Shotwell,* 76 Miss., 938, is directly in point, and is controlling as to interest. Mr. Justice Whitfield said: "As to the defense of the statute of limitations, it is obvious that Reuben had no right of action prior to March 10, 1896. He was precisely in the attitude of a contingent remainderman as against a life tenant. His interest was wholly expectant, dependent upon whether or not the very uncertain condition of the interests vesting should ever be complied with; till the conditions were by him fulfilled he had nothing to sue for."

Until the interest was earned on the third mortgage bonds, until there was something to sue for, there could, of course, be no suit, and hence no accrual of an action.

Defendant can only claim the railroad property otherwise by virtue of a title accrued under an adverse possession, and they

must establish their right and show the character of title vested in them.

The demurrer setting up the statute of limitations of ten years is without merit for these reasons:

1. The occupation of the Alabama & Vicksburg Railway Company is not exclusive; it is in subordination to the legal title in the trustee.

2. It is not open, adverse, and against the whole world. There is nothing on the face of the bill upon which to predicate a plea of the statute of limitations.

3. The debt secured by the third mortgage is not barred.

Now as to the second ground. The principle is accurately stated by Smith, C. J., in *Magee* v. *Magee, 37* Miss., 152.

And, again, the possession of this railroad property has not been exclusive. There never was a time when the Alabama & Vicksburg Railway Company was in the exclusive possession of this property. *Wilmot* v. *Railroad Co., 76* Miss., 386.

The Farmers' Loan & Trust Company had, and still continues to hold, the legal title to the property under the first mortgage, and the Alabama & Vicksburg Railway Company has never asserted any claim whatever to the legal title to this property, but has continued to occupy in express recognition that it was outstanding in Farmers' Loan & Trust Company, which is trustee for the third mortgage bondholders as well as for the first mortgage bondholders.

"The rule is that when there is a mixed possession—that is, when there are two or more persons in possession under a separate conveyance or color of title—the possession will be treated as being in him who has the better title, upon the ground that the seizin is in him who has the best title, and, as all cannot be seized, the possession follows the title." *Claughton* v. *Claughton, 70* Miss., 387.

There must be a claim of title as sole owner, and possession in severalty by defendant under claim of title, hostile to the trust,

and as owners against the world. *Jonas* v. *Flanniken,* 69 Miss., 577; *Dixon* v. *Cook,* 47 Miss., 220.

We are entitled to interest, and we have a right to sue therefor as soon as the same accrues. Perly on Interest, 303; Wood, Lim. Actions (3d ed.), 126. In *Bank* v. *Doe,* 19 Vt., 467, it is said: "It is true that orators might have instituted their suit for the recovery of the year's interest, but they were not bound to do it." *Ferry* v. *Ferry,* 2 Cush. (Mass.), 99; *Buler* v. *University Co.,* 8 Kan. App., 89.

Foreclosure for nonpayment of interest is permissive, and the statute of limitations does not run from default. *First Nat. Bank* v. *Parker,* 68 Pac. Rep., 756; *Keene Five Cent Bank* v. *Reid,* 123 Fed. Rep., 221. See particularly *Parker* v. *Banks,* 79 N. C., 480; *Moline Plow Co.* v. *Webb,* 141 U. S., 626; 13 Am. & Eng. Ency. Law (2d ed.), 793; *Mason* v. *Luce,* 116 Cal., 232, 237.

But interest is not barred by the weight of authority until the principal of the debt is barred, because the principal is the main thing, and interest is but an incident, and partakes of its nature to such an extent as to cause the same statute of limitations to run against the interest as does against the principal. Cases *supra.*

This question when a person who had a right of action to remove clouds *quia timet,* but who is not entitled to the possession of realty, is barred by the statute of limitations, has been considered several times before this court, and the uniform rule has been announced that the statute of limitations did not commence to run until the right to possession accrued. The question was fully considered and reviewed in *Shipp* v. *McKee,* 80 Miss., 741, and wherein Mr. Justice Terral said: "It is said that appellant is barred of any remedy because she could and should, upon coming to the age of twenty-one years, have filed her bill to remove the cloud from her title created by the execution of the deed made to her while under said age. Under the authority of

*Fox* v. *Coon,* 64 Miss., 465, such suit would lie, yet the appellant is in no legal default by failing to bring such suit."

We maintain that our cause of action is not barred as to the Farmers' Loan & Trust Company, for the reason that, even if the statute did run as to resident defendants, it did not run in favor of non-resident defendants, and said company has never resided here so service of process could be made upon it, and there is an express statutory exception that when a person is absent or resides out of the state, so that process cannot be had, thereby the statute ceases, or rather never begins to run.    Code 1892, § 2748.

While the statute of limitations may be set up in equity by a demurrer to the bill (*McNair* v. *Stanton,* 57 Miss., 298), yet to do so it must affirmatively appear on the face of the bill that the suit is barred, as it is more proper to set up the statute by plea or answer so that matters in avoidance may be replied.    *Dickson* v. *Miller,* 11 Smed. & M., 595; *Archer* v. *Jones,* 26 Miss., 587.

If the averments of this bill are true—and they are admitted to be so by the demurrer—there never was such a gross outrage perpetrated upon any class of persons as upon these third mortgage bondholders; to read the bill is an all-sufficient answer to the first ground of demurrer. We had put out our money, relying on the good faith and fair dealing of the railroad company and our trustee, and as soon as they gathered unto themselves all of the shekels, the railroad company not only defrauded us, but our trustee joined therein, and became a leader therein—the one to whom we had confided the duty of protecting our interests.    A case directly in point as to the trust company is *Farmers' Loan & Trust Co.* v. *Railroad,* 66 Fed. Rep., 169, in which this same trustee tried to do the same thing, and in which he had to pay up.  In the federal court, in the foreclosure proceedings, it was held that the third mortgage bondholders should be made parties "to protect their rights in this suit, and for the reason that the same trustee is trustee in both the second and

third mortgages." *Houston* v. *Building Assn.,* 80 Miss., 32; *Wildberger* v. *Ins. Co.,* 72 Miss., 338.

It is claimed by appellants that the junior mortgagees, even though not made parties to the foreclosure suit, cannot complain because, they say, while they were necessary parties, still they do not show by their bill that if they had been parties any other result would have been obtained. In fact, the bill shows that another result would have been attained. The whole proceeding, as averred, was a collusive one to freeze out the third mortgage bondholders.

It is not a bill to enjoin the execution of the decree, but one to protect the junior mortgagees' right in the property and to cancel the fraudulent decree as a cloud on our title. "A decree attained without making those persons parties to the suit in which it is had, whose rights are affected thereby, is fraudulent and void as to those parties." Story, Eq. Pl., sec. 472; *Sivley* v. *Summers,* 57 Miss., 730; *Plummer* v. *Plummer,* 37 Miss., 185; *Richardson* v. *Brooks,* 52 Miss., 118; *Duncan* v. *Gerdine,* 59 Miss., 555.

The collusive foreclosure of a prior mortgage without making the junior mortgagee a party is no bar to the subsequent foreclosure of the junior mortgage. *Worthington* v. *Wilmot,* 59 Miss., 608; *Johns* v. *Wilson,* 180 U. S., 440; *Coleman* v. *Witherspoon,* 76 Ind., 285; *Atwater* v. *West,* 28 N. J. Eq., 361; *Chilver* v. *Weston,* 27 N. J. Eq., 435; *Peabody* v. *Roberts,* 47 Barb., 91; *Hollinger* v. *Bates,* 43 Ohio St., 23.

In the absence of collusion the foreclosure is void as to persons not parties. *Ga. Pac. R. Co.* v. *Walker,* 61 Miss., 481; Witsie on Foreclosure Mort., sec. 159; *Siveley* v. *Summers,* 57 Miss., *supra; Duncan* v. *Gerdine, supra; Kelly* v. *Martin, Id.,* 652.

Where the trustee represents conflicting interests under a subsequently accepted trust he cannot foreclose, but the bondholders themselves must do so. *Am. Tube Co.* v. *Kentucky, etc., Co.,* 51 Fed. Rep., 826. That this interest of the trustee was antago-

nistic to the third mortgage bondholders in suit No. 475 was expressly decided in the foreclosure proceedings.

Where trustees are in a position prejudicial to bondholders courts will not compel action through them. It is a rule of convenience, and where the trustee's position is hostile or prejudicial to the *cestui que* trust, the rule is set aside. Where the trustee was the common trustee for the first, second, and third mortgage bondholders, the court held its position antagonistic, and that it could not represent the bondholders as complainant in one of the mortgages against the others. *Farmers' Loan & Trust Co.* v. *Northern Pac. R. Co.,* 66 Fed. Rep., 169, 173, 174, 176, 177, 178, citing Jones on Corp. Bonds, sec. 388, and cases.

A bondholder cannot reach property conveyed to a trustee to enforce his individual claim. Jones, Corp. Bonds, sec. 393.

In a suit by the holders of railroad bonds against the trustee in the mortgage for negligent administration of the trust, the mortgagor is not a necessary party, and the trustee is liable for failure to perform the duties imposed by the trust. *Frischmitt* v. *Farmers' Loan & Trust Co.,* 95 Fed. Rep., 5, 10; *Antello* v. *Farmers' Loan & Trust Co.,* 95 Fed. Rep., 12.

Argued orally by *T. A. McWillie,* and *Edward Mayes,* for appellants, and by *Marcellus Green,* for appellees.

WILLIAMSON, Special Judge,* delivered the opinion of the court.

This suit originated in the chancery court of Rankin county, and complainants attack collaterally certain equity proceedings in the federal court by which a certain trust deed upon the property of the Vicksburg & Meridian Railroad Company was foreclosed, and sold to certain individuals who organized the Alabama & Vicksburg Railway Company, and the property passed from the purchasers at the sale into the possession of the last-

*Judge Calhoon, having been consulted while at the bar touching this case, recused himself, and C. M. Williamson, Esq., a member of the supreme court bar, was appointed and presided in this cause in his place.

named company.  At the time the proceedings were commenced in the federal court there existed three separate trust deeds upon the property of the Vicksburg & Meridian Railroad Company; the first having been executed to secure an issue of $1,000,000 of first mortgage bonds; the second trust deed was executed to secure an issue of $1,000,000 of second mortgage bonds; the third was executed to secure an issue of $1,920,000 of third mortgage bonds.  These three issues of bonds were made in pursuance of an agreement for the reorganization of the Vicksburg & Meridian Railroad Company, which was the successor to the old Southern Railroad Company.  The Farmers' Loan & Trust Company of New York was made trustee in each of said trust deeds.  In 1861 the Southern Railroad Company issued ninety-eight bonds, of $1,000 each, and secured the same by trust deed upon certain lands in Mississippi and Arkansas.  Wm. Vosburg was trustee in this instrument, and acted as such until 1885, when he resigned, and C. C. Harvey was appointed in his place.  Upon the issuance of its third mortgage bonds by the Vicksburg & Meridian Railroad Company, one Obear, who was the owner of the ninety-eight bonds of the old Southern Railroad Company, exchanged said Southern Railroad bonds for one hundred and twenty-seven of the third mortgage bonds of the Vicksburg & Meridian Railroad Company, with the distinct agreement indorsed upon the said one hundred and twenty-seven bonds that they should be secured by the first lien upon the lands described in the 1861 trust deed executed by the Southern Railroad Company to secure its bonds, and by the third lien upon the other property of the Vicksburg & Meridian Railroad Company.  Complainants are the owners of all the one hundred and twenty-seven bonds, and also of a portion of the other third mortgage bonds of the Vicksburg & Meridian Railroad Company.  The judicial proceedings attacked by the bill in this suit were commenced by the Alabama, New Orleans, Texas & Pacific Junction Railway, Limited, which filed its bill in the federal court in cause No. 440 upon the equity side for the purpose of

establishing certain unsecured indebtedness against the Vicksburg & Meridian Railroad Company, and claimed priority over the bonded indebtedness of the Vicksburg & Meridian Railroad Company, and asked for a receiver. The Vicksburg & Meridian Railroad Company and the Farmers' Loan & Trust Company were made defendants. The bill was answered, and its equities denied. A receiver was appointed. Thereupon, at the request of the holders of the second mortgage bonds of the Vicksburg & Meridian Railroad Company, the trustee filed its bill in cause No. 475 on the docket of the federal court to foreclose the deed of trust securing their bonds. The Vicksburg & Meridian Railroad Company and several other railroads which asserted claims against the Vicksburg & Meridian Railroad Company superior to its mortgage debts were made defendants to this bill. Upon motion made, the two causes, 440 and 475, were consolidated and proceeded with as one cause, under No. 475. After consolidation, upon motion of the Vicksburg & Meridian Railroad Company, publication was made for the third mortgage bondholders to appear to take such steps as they may be advised touching the conservation of their interest by redemption or otherwise. This publication was made for four weeks in a public newspaper called the *Ledger*. This was the only notice to the third mortgage holders in said suit. The original bill was amended by making third mortgage bondholders parties, and two of them, owning $75,000 of the third mortgage bonds, answered, and asked the court to fix the amount due under first mortgage and second mortgage, and claimed the right to redeem. The final decree in the cause fixed the amounts due the second mortgage bondholders and the several claims of the defendant railroads, and condemned the property of the Vicksburg & Meridian Railroad Company to be sold, subject to the rights and liens of the first mortgage bondholders, and granted the right to the third mortgage bondholders to redeem. The bill recites the history of all these transactions, and charges, upon information and belief, that these proceedings, and the sale of the

property thereunder, and the purchase at the sale by Nugent and others, was a fraudulent scheme to hinder, delay, and defraud complainants and other third mortgage bondholders in the collection of their debts; that the publication of notice in this case was absolutely void. The bill in this cause was filed October 9, 1901, more than ten years after the sale and the delivery of the property to the Alabama & Vicksburg Railway Company, which the bill avers was on November 25, 1889. The bill further avers that the railroad and property was delivered to the Alabama & Vicksburg Railway Company, and it has continued in possession of the same.

The demurrers to the bill raise, among others, two objections: (1) The state court is without jurisdiction, and cannot review or vacate the decree of the United States court; (2) the cause is barred by limitations.

If it be true that the federal court had jurisdiction of the subject-matter and of the necessary parties in the suits attacked by the complainants in this cause, the state court is without jurisdiction to entertain this bill. That the federal court had jurisdiction of the matter is not disputed, but the bill charges that there was a total failure to obtain jurisdiction of necessary parties; that publication made for the holders of the third mortgage bonds was void for the reasons that the pleadings in the case were not in proper form to authorize the court to make the order, that proper affidavit was not made to obtain the order, and that the publication was made for four weeks only. The defects charged in the bill of complaint against the records in the federal court cases amount to irregularities only in the course of the judicial proceedings, and do not render the proceedings void nor the decree open to collateral attack. Irregularities in permitting amendments to the bill for the purpose of bringing in other parties, and the ordering of publication without formal affidavit, and the insufficiency of publication, as charged in complainant's bill, must be remedied by direct proceedings in the court which tried the cause or by appeal to a

higher court.   The record shows there was some notice to the
third bondholders, but charges it was not sufficient, because pub-
lished for four weeks only.   This is a collateral attack for
irregularity, and cannot be permitted.   Not only did the third
bondholders have notice of the pendency of the foreclosure pro-
ceedings by this publication, irregular though it may have been,
but the pendency of the suit to foreclose the mortgage was con-
structive notice to all parties of the rights claimed by the com-
plainant in the premises which formed the subject of the pro-
ceedings; and, in addition to this, the third mortgage bondhold-
ers were represented in said foreclosure proceedings by the trus-
tee.   The bondholders were not necessary parties, though they
might have been proper parties.   The trustee is the proper party
to represent and protect the interests of bondholders under ordi-
nary circumstances; and, in the absence of fraud, beneficiaries
are bound by whatever is done by the trustee in litigation over
the trust property.   The only purpose of making junior mort-
gagees parties to a foreclosure proceeding commenced by prior
mortgagees is to afford them an opportunity to have the court
ascertain the correct amount of the first mortgage debt and to
assert the right of redemption.   There is no charge in the bill of
complaint against the validity of the first and second mortgage
bonds, and it is positively stated that both constituted a prior
lien to complainant's debt upon the bulk of the property of the
Vicksburg & Meridian Railroad Company.   It is not denied,
but admitted, in the bill, that the conditions of the trust deed
securing the second mortgage bonds were broken.   If each of
complainants and other third mortgage bondholders had been
personally served with process, and all had entered their appear-
ance to the foreclosure suit in the United States court, their
only remedy would have been to discharge the amount ascer-
tained by the court to be due the second mortgage bondholders
and to have redeemed the property.   That is their only right
now.   Nothing appears in the record of the federal court to
have justified that court in denying the second mortgage bond-

holders the collection of their debts ahead of the third mortgage bondholders, and nothing is charged in the bill that would now justify this court in denying them priority over the third mortgage beneficiaries, yet complainants do not offer even to redeem the property by discharging the legitimate debt due the second mortgage bondholders. The bill is defective in this respect. The fraud charged in the bill of complaint is made upon information and belief, and consists of general allegations that the proceedings in the federal court, the sale of the property, and the organization of the Alabama & Vicksburg Railway Company, and the transfer of the property to that company, were parts of a scheme to hinder, delay, and defraud complainants and other third mortgage bondholders. Upon critical examination of the bill, we do not find the specific, concrete facts stated which constitute the fraud charged. A case of fraud cannot be made in a bill by simply charging fraud generally. The facts which constitute the fraud must be stated. See *Weir* v. *Jones,* 84 Miss., 602 (s.c., 36 South. Rep., 533); *U. S.* v. *Atherton,* 102 U. S., 372 (36 L. ed., 213); and other authorities cited in the briefs.

We think this suit is barred by limitation. More than ten years had elapsed from the time the right to bring the suit accrued and the filing of the bill of complaint. The bill shows that the Alabama & Vicksburg Railway Company took the property under adverse claim of right thereto, and has been continuously claiming the same ever since. Whether viewed as a bill of review, as a bill analogous to a bill of review, as a suit in equity for land, or as a bill to enforce an implied trust, the right to sue is barred. The bill nowhere shows that complainants were actually ignorant of anything that was done in the federal court in the proceedings set out. It does not state they were ignorant of the decree made, or of the sale before its making, or of the transfer of the property to the possession of the Alabama & Vicksburg Railway Company, or of the claim of ownership by that company. Besides, the taking possession

of the property and the holding of the same by the Alabama & Vicksburg Railway Company, as stated in the bill, was notice to all concerned of the nature and extent of the claim or right under which such possession was taken and held. This is a well-settled law in Mississippi. Besides, it is averred in the bill that pending the proceedings in the federal court a proposition was made to complainants to reorganize the Vicksburg & Meridian Railroad Company, which proposition was not satisfactory to complainants, and it was not accepted. Neither can the bar of the statute be evaded on the ground of concealed fraud. In the first place, no concealment of the fraud is averred in the bill, nor is ignorance of the fraud alleged to exist at any time, and the fraud that is charged in the bill, if any fraud can be said to be charged, is now, and always was, apparent on the face of the records of the federal court. If the bill shows on its face that the period fixed by the statute stating the bar has elapsed, it must, in order to avoid demurrer, either expressly show that the fraud was concealed, and was not or could not have been discovered until within the period fixed by the statute, or its averments must substantially show the same fact. We do not think the bill meets this requirement, but if the bill, in this connection, had averred ignorance of the facts of fraud, the fact that the Alabama & Vicksburg Railway Company had actual, adverse possession of the property, and has been holding the same continuously ever since, was sufficient to put complainants on inquiry and notice. We think the demurrers to the bill should be sustained.

The Vicksburg & Meridian Railroad Company, the Alabama & Vicksburg Railway Company, and C. C. Harvey, trustee, demurred to all the bill of complaint except that portion claiming first lien upon the certain lands described in Exhibits A and B to the bill. To that portion of the bill a plea was filed setting up the pendency of a suit in the chancery court of Rankin county involving the same parties and the same subject-matter. The sufficiency of this plea was, by agreement, submitted to the

lower court at the same time with the demurrers. The record of said pending suit was offered in evidence at the hearing, but it does not appear in the record in this court. The lower court held the plea insufficient, and so decreed. We are unable to determine from the record the correctness of this ruling of the court, but if it be true, as seems to be admitted, that said pending suit was for the purpose of enforcing the rights of the complainants against said lands upon which they held a first mortgage, we think the plea sufficient.

The lower court correctly denied the application of complainants for a receiver.

Let the demurrers of the defendant to the original bill be sustained, with leave to complainants to amend their bill within thirty days after filing of the mandate to the lower court; else the bill will stand dismissed, except as to the rights of complainants against the lands under the lien securing the one hundred and twenty-seven third mortgage bonds, and as to the parties defendant interested in said lands. The sufficiency of the plea may be reheard by the lower court. Motion for receiver will be denied. The motion to consolidate this cause with the pending suit, mentioned in the plea, will be overruled.

*Let the decree of the lower court be reversed, and this cause be remanded to be proceeded with in accordance with this opinion.*