## LITCHFIELD v. THE REGISTER AND RECEIVER.

1. The rule established in *Gaines* v. *Thompson* (7 Wallace, 347), that the courts will not interfere by mandamus or injunction with the exercise by the executive officers of duties requiring judgment or discretion, affirmed and applied to registers and receivers of land offices.
2. The fact that a plaintiff asserts himself to be the owner of the tract of land, which these officers are treating as public lands, does not take the

---

case out of that rule, where it is the duty of these officers to determine upon all the facts before them, whether the land is open to pre-emption or sale.

8. In such cases, if the court could entertain jurisdiction against the land offices, the persons asserting the right of pre-emption would be necessary parties to the suit.

APPEAL from the Circuit Court for the District of Iowa.

Litchfield filed his bill in the court below against Richards, Register, and Pomeroy, Receiver of the United States Land Office at Fort Dodge, Iowa, asking an injunction to restrain them from entertaining and acting upon applications made to them to prove pre-emptions to certain lands which lay within the land district for which they were respectively register and receiver. The bill, which was very full, recited the various acts of Congress and of the State of Iowa, by which the complainant maintained that a large list of tracts of land, supposed to belong to an original grant to the Territory of Iowa for the purpose of improving the navigation of the Des Moines River, became his property. The history of that grant has been recently the subject of report in these volumes in several cases, and it is unnecessary to repeat it. It is sufficient to say that the bill giving that version of the matter which was favorable to the title of the complainant, averred that he was the legal owner of the lands; that they were not public lands, and were in no manner subject to sale or pre-emption by the government, or its officers. The defendant demurred, and the bill was dismissed for want of equitable jurisdiction. Whereupon the complainant appealed.

*Mr. Litchfield, the complainant,* insisted that the facts as stated in the bill must be taken as confessed by the demurrer, and that they showed that the land officers were exceeding their authority, and would give certificates of pre-emption and entry, which would cloud and embarrass his title, and that they should, therefore, be restrained.

*Mr. Kelsey, contra.*

Mr. Justice MILLER delivered the opinion of the court.

The principle has been so repeatedly decided in this court, that the judiciary cannot interfere either by mandamus or injunction with executive officers such as the respondents here, in the discharge of their official duties, unless those duties are of a character purely ministerial, and involving no exercise of judgment or discretion, that it would seem to be useless to repeat it here.   In the case of *Gaines* v. *Thompson*,\* decided at the last term of this court, the whole subject was fully considered, and the cases in this court examined.   The doctrine just stated was announced as the result of that examination.   The case of *The Secretary* v. *McGarrahan*, of the present term,† reaffirms the principle, which must now be considered as settled.   Both these cases had reference to efforts similar to the present, to control the officers of the land department.

It is insisted, however, by the complainant, that the present case does not come within the rule so laid down, and his argument is plausible.   A little consideration, however, will show that it is unsound.

The lands in controversy are situated within the land district over which these officers have authority to receive proof of pre-emption, and grant certificate of entry.   There are within that district, of course, lands open to sale and pre-emption.   There would be no use for the land office if there were not.   The very first duty which the register is called on to perform, when an application is made to him to enter a tract of land, is to ascertain whether it is subject to entry. This depends upon a variety of circumstances.   Has there been a proclamation offering it for sale?   Has it been reserved by any action of Congress, or of the proper department?   Has it been granted by any act of Congress, or has it been sold already?   These are all questions for him to decide, and they require the exercise of judgment and discretion.   The bill shows on its face that these officers, in the exercise of this duty, were considering whether the reser-

---

\* 7 Wallace, 347.                             † *Supra*, 298.

vations of the departments and the acts of Congress, and the claim of the plaintiff under them, took these lands out of the category of lands subject to sale and pre-emption, and he asks the court to interfere by injunction to prevent them from determining that question, and that the court shall determine it for them.    He says the court below erred because it did not require them to come in and answer to his claim of title, and at their own expense to put the court in possession of their views, and defend their instructions from the commissioner, and convert the contest before the land department into one before the court.    This is precisely what this court has decided that no court shall do.    After the land officers shall have disposed of the question, if any legal right of plaintiff has been invaded, he may seek redress in the courts.    He insists that he now has the legal title.    If the land department finally decides in his favor, he is not injured.    If they give patents to the applicants for pre-emption, the courts can then in the appropriate proceeding determine who has the better title or right.    To interfere now, is to take from the officers of the land department the functions which the law confides to them and exercise them by the court.

Another objection, equally fatal to the bill, is the want of necessary parties.

It appears on its face, that the register and receiver have no real interest in the matter, but that persons not named are asserting before them the legal right to pre-empt these lands.    These persons are the real parties whose interests are to be affected, and whose claim of right is adverse to plaintiff.    If the court should hear the case, and enjoin perpetually the register and receiver from entertaining their applications, they have no further remedy.    That is the initial point of establishing their right, and in this mode a valuable and recognized right may be wholly defeated and destroyed, without the possibility of a hearing on the part of the party interested.    This is not a case in which the land officers represent these claimants.    They have no such duty to perform.    They might let the injunction be issued without defence, and thus a proceeding almost *ex parte* be made

to strangle the incipient right of the actual settler on the public lands. If it can be done in this case, it can be done in every other in which a plaintiff is willing to proceed against the officers, without bringing the settler on the land before the court.

<div align="right">

DECREE AFFIRMED