LANE, SECRETARY OF THE INTERIOR, *v.* DAR-
    LINGTON ET AL., TRUSTEES, ESTATE OF
    CLAPP.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT
OF COLUMBIA.

No. 219.  Argued March 12, 1919.—Decided March 31, 1919.

An official resurvey of the boundary of a patented Mexican grant, for the purpose of defining contiguous public land, does not operate as an adjudication against the grant owner or otherwise so affect his rights as to afford him ground for an injunction suit against the Secretary of the Interior.
6 App. D. C. 465, reversed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Kearful,* with whom *The Solicitor General* was on the brief, for appellant.

*Mr. F. W. Clements,* with whom *Mr. Alex. Britton* was on the brief, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought by the appellees to restrain the Secretary of the Interior from carrying out a resurvey of a part of the boundary of a Mexican grant. The plaintiffs hold the legal title to the grant and the adjoining land belongs to the United States. The boundary was surveyed by one Hancock and on June 22, 1872, the grant was patented. A bill to set aside the patent was dismissed in *United States* v. *Hancock,* 133 U. S. 193, (1890.) Doubts having arisen as to where a portion of the Hancock line on the northern boundary ran, the Land Department employed one Perrin to make a resurvey. It found and reëstablished the original monuments except between Hancock's stations 20 and 25, and attempted to fix the line between these also. In 1901 the resurvey was approved by the Commissioner of the General Land Office, but in 1902 on an appeal, the Secretary of the Interior reversed the approval and ordered a new survey of the line between stations 20 and 25. This was made by one Sickler and was approved by the Secretary of the Interior on February 28, 1907. On September 5, 1913, the Secretary vacated the Sickler survey and ordered the reëstablishment of the Perrin line. The present bill to restrain the carrying out of this order was dismissed on motion by the Supreme Court of the District of Columbia but the decree was reversed and an injunction ordered by the Court of Appeals.

The bill, of course, is not a bill against the United States brought on the ground that it is claiming land

belonging to the plaintiffs.   The bill does not seek to try
the title.   It is brought on the ground that the power of
the Secretary is exhausted, and it may be doubted whether
that is a matter with which the plaintiffs have anything
to do.   But however that may be, the whole proceeding
on behalf of the United States is simply an effort to fix
the boundaries of its own land.   It is recognized, it was
recognized when the Perrin survey was set aside, that the
United States has no authority to change the Hancock
line; but it has a right for its own purposes to try to find
out where that line runs and the fact that its conclusions
may differ from that of the owners of the Hancock grant
does not diminish that right.   So long as the United
States has not conveyed its land it is entitled to survey
and resurvey what it owns and to establish and reëstablish
boundaries, as well one boundary as another, the only
limit being that what it thus does for its own information
cannot affect the rights of owners on the other side of the
line already existing in theory of law.   If, as the result of
the survey adopted, the United States should give pat-
ents for land thought by the plaintiffs to belong to them,
"the courts can then in the appropriate proceeding de-
termine who has the better title or right.   To interfere
now, is to take from the officers of the Land Department
the functions which the law confides to them and exercise
them by the court."   *Litchfield* v. *The Register,* 9 Wall.
575, 578.   *Minnesota* v. *Lane,* 247 U. S. 243, 250.

We know of no warrant for the notion that the power
is exhausted by a single exercise of it.   Repeated retrace-
ment of lines, although, of course, exceptions, are well
known, we believe, to the Land Department, as, with the
limitation that we have expressed, there is no reason why
they should not be.   The case is different when the act
of the Secretary is directed to a third person, as for in-
stance, the approval of a map of the location of a railroad
over public lands, where the approval operates as a

grant. *Noble* v. *Union River Logging R. R. Co.*, 147 U. S. 165. See *New Orleans* v. *Paine*, 147 U. S. 261, 267. But this retracing of the Hancock line is not directed to the plaintiffs, but, as we have said, is an investigation by the United States on its own account. The plaintiffs gained no rights by the approval of the Sickler line; they lose none by the substitution of the Perrin line. These acts were neither adjudications nor agreements. The plaintiffs' rights were fixed before. Even after land had been sold with reference to a survey and plat that had been approved, this Court refused to restrain the Secretary from making a new survey in *Kirwan* v. *Murphy*, 189 U. S. 35. See *Lane* v. *United States ex rel. Mickadiet*, 241 U. S. 201, 208. *Northern Pacific Ry. Co.* v. *United States*, 227 U. S. 355.

We are of opinion that the decision of the Court of Appeals was wrong.

*Decree of the Court of Appeals reversed, with directions to affirm the decree of the Supreme Court dismissing the bill.*