## MICKADIET et al. v. PAYNE, Secretary of the Interior.

(Court of Appeals of District of Columbia. Submitted October 6, 1920. Decided November 8, 1920.)

·No. 3418.

1. **Certiorari ⇐⇒24—Does not lie to review administrative order.**

   A writ of certiorari, which lies to inferior courts and to special tribunals exercising judicial or quasi judicial functions, cannot be issued to review an administrative order by an executive officer of the United States government.

2. **Certiorari ⇐⇒24—Orders determining inheritance of Indian lands administrative.**

   An order of the Secretary of the Interior under the authority of Act May 8, 1906 (Comp. St. §§ 3951, 4203), and Act June 25, 1910, determining the right to inheritance of Indian lands, is an administrative order, and a subsequent setting aside of the order is likewise administrative.

3. **Indians ⇐⇒27(2)—Court can determine inheritance of Indian lands after department decision.**

   After the Department of the Interior has rendered a decision awarding Indian land to certain claimants as heirs, the land becomes private property, subject to the jurisdiction of the courts, to determine conflicting claims thereto, and to render complete justice to all parties concerned.

4. **Certiorari ⇐⇒24—Lack of other remedy does not authorize certiorari to review administrative order.**

   Even if there was no other remedy by which an administrative order might be reviewed by the courts, that fact would not warrant the issuance of certiorari to review such order.

Appeal from the Supreme Court of the District of Columbia.

Certiorari by Julia Lamere Mickadiet and another against John Barton Payne, Secretary of the Interior. Petition dismissed, and petitioners appeal. Affirmed.

E. F. Colladay and P. H. Marshall, both of Washington, D. C., for appellants.

C. E. Wright and C. D. Mahaffie, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. The appellants here, as petitioners below, applied to the Supreme Court of the District for a writ of certiorari directed to the Secretary of the Interior, commanding him to certify to the court the records in a proceeding pending before him, to the end that the findings and conclusions which had been reached by him in that proceeding should upon review by the court be set aside as null and void. A rule to show cause was issued, and the Secretary made his return thereto, setting forth the reasons which in his judgment justified his prayer that the rule be discharged and the petition dismissed. His prayer was granted, and the appellants appealed.

My Soul Tiebault, a Winnebago Indian, commenced proceedings in 1896 in the county court of Thurston county, Neb., for the adoption of the appellants as his children "to all legal intents and purposes."

⇐⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The petition was sustained and a decree of adoption entered in accordance with its prayer. About 10 years thereafter Tiebault died intestate, unmarried, and without issue, leaving surviving him the two appellants, who claim that, by virtue of their adoption, they are his only heirs at law. At the time of his death Tiebault was seized of certain real estate situated within the Winnebago reservation, Thurston county, Neb., and valued at about $10,000. The appellants in 1908 commenced a suit in the United States Circuit Court for the District of Nebraska against the relatives of Tiebault who claimed to be his heirs and as such entitled to the land. The suit was brought under the provisions of the act of Congress of February 6, 1901 (31 Stat. 760 [Comp. St. §§ 4214, 4215]), which conferred upon the court jurisdiction to determine the claims of persons of Indian blood with respect to Indian lands. While the cause was pending the act was repealed by the act of June 25, 1910 (36 Stat. 855), and thereby the court lost jurisdiction of the cause. Soon afterwards the theater of the controversy was transferred, by stipulation of the parties, to the Department of the Interior. The department decided in favor of appellants, permitted them to take possession of the land, and instructed the Indian agent at Winnebago, Neb., to pay to them the accumulated rents, etc., derived from the land. Three disbursements were made under this order, the last in September, 1913. A few days after this payment was made the Secretary of the Interior instructed the superintendent of disbursements at the Indian agency to withhold further payments from the appellants and to deny them all beneficial interest therein. Thereafter one of the nephews of Tiebault made application to the department to reopen the decision of January 11, 1913, in favor of the appellants, basing the application upon the ground of newly discovered evidence tending to show that the decree of adoption passed by the county court of Thurston county, Neb., was secured by fraud and was therefore void. The Secretary granted the application and ordered the issues thereon to stand for future consideration. At this point the appellants applied to the Supreme Court of this District for a mandamus to compel the Secretary to adhere to the decision rendered on January 11. The writ was denied, and an appeal taken to this court, which reversed the action of the lower court. The case was then removed to the Supreme Court of the United States (Lane v. Mickadiet, 241 U. S. 201, 36 Sup. Ct. 599, 60 L. Ed. 956), which held that the application for a writ of mandamus was premature, that a court would not undertake to control a matter which was in fieri in one of the executive departments, and remitted the controversy back to the Secretary for his final disposition. In due course the Secretary annulled the decision of January 11, 1913, in favor of the appellants, and declared certain parties other than the appellants to be the lawful heirs of Tiebault. It is this action of the Secretary which the appellants now seek to have reviewed by a writ of certiorari.

We have been favored by the appellants with a carefully prepared brief, which discusses many points; but we think it is necessary to consider only one, namely: Is certiorari a proper remedy for the

correction of the errors which the appellants claim were committed by the Secretary? If not, that of course ends the discussion.

This court said in Degge v. Hitchcock, 35 App. D. C. 218, 226, which was an application for a writ of certiorari to review an action of the Postmaster General, that the writ—

"lies to inferior courts and to special tribunals exercising judicial or quasi judicial functions, to bring their proceedings into the superior court, where they may be reviewed and quashed, if it be made plainly to appear that such inferior court or special tribunal had no jurisdiction of the subject-matter, or had exceeded its jurisdiction, · or had deprived a party of a right or imposed a burden upon him or his property, without due process of law. * * * To the extent indicated the writ of certiorari is in the nature of a writ of error;—but it does not, like the latter, go to errors of judgment that may have been committed in the process of the exercise of an existent jurisdiction." (For this view several authorities are cited.)

Appellants do not deny that the Secretary was acting within his jurisdiction when he rendered the decision of which they complain. The question of jurisdiction is foreclosed by what is ruled by the court in the Mickadiet Case. It was there held that "exclusive jurisdiction over the subject" was "conferred by the acts in question [those of May 8, 1906 (Comp. St. §§ 3951, 4203), and June 25, 1910 (36 Stat. 855)] upon the Secretary of the Interior."

[1] In considering our decision in the Degge Case, supra, the Supreme Court said:

"This case is the first instance, so far as we can find, in which a federal court has been asked to issue a writ of certiorari to review a ruling by an executive officer of the United States government. That at once suggests that the failure to make such application has been due to the conceded want of power to issue the writ to such officers. For, since the adoption of the Constitution, there have been countless rulings by heads of departments that directly affected personal and property rights, and where the writ of certiorari, if available, would have furnished an effective method by which to test the validity of quasi judicial orders under attack."

The opinion concludes in these words:

"The writ of certiorari is one of the extraordinary remedies, and being such it is impossible to anticipate what exceptional facts may arise to call for its use; but the present case is not of that character, but rather an instance of an attempt to use the writ for the purpose of reviewing an administrative order. Public Clearing House v. Coyne, 194 U. S. 497. This cannot be done." Degge v. Hitchcock, 229 U. S. 162, 172, 33 Sup. Ct. 639, 57 L. Ed. 1135.

In the Mickadiet Case the Chief Justice, speaking for the court, said that there was no dispute, "and could be none, concerning the general rule that courts have no power to interfere with the performance by the Land Department of the administrative duties devolving upon it. * * *"

[2] Thus it is clearly established that if the action of the Secretary is administrative in its character, the writ will not lie. That it is administrative is made manifest by what was said in the Mickadiet Case. That case, as we have shown, was instituted by the appellants herein to prevent the Secretary from setting aside his previous decision that they were the legal heirs of Tiebault. The court held that his deci-

sion was administrative. This was asserted several times. In one place the court said:

"It is equally undoubted under these conditions that the land was under the control in an administrative sense of the Land Department for the purpose of carrying out the act of Congress."

In several other places it speaks of the decision as an "order"—an "administrative order." If the action of the Secretary in holding appellants to be the legal heirs of Tiebault was administrative, as the court decided, we cannot perceive how it can be correctly said that his action in setting aside that holding, and deciding that they were not, is not also administrative.

[3] The burden of appellants' argument seems to rest on the assumption that, unless the writ is issued, the action of the Secretary is beyond review; but there is no warrant for this. The learned Chief Justice, in the Mickadiet Case, said that upon the completion of the administrative duties devolving upon the Secretary the courts may "correct as between proper parties errors at law committed in the administration of the land laws." In this pronouncement there is nothing new. As far back as Litchfield v. Register, 9 Wall. 575, 19 L. Ed. 681, the court denied an application for an injunction to restrain the officers of the land department from taking action with respect to a dispute as to whether or not a certain piece of land was subject to entry, saying:

"After the land officers shall have disposed of the question, if any legal right of plaintiff has been invaded, he may seek redress in the courts. He insists that he now has the legal title. * * * If they give patents to the applicants for pre-emption, the courts can then in the appropriate proceeding determine who has the better title or right."

See, also, Minnesota v. Lane, 247 U. S. 243, 250, 38 Sup. Ct. 508, 62 L. Ed. 1098, Lane v. Darlington, 249 U. S. 331, 39 Sup. Ct. 299, 63 L. Ed. 629, and United States ex rel. Hall v. Lane, 48 App. D. C. 279, 284. The moment that the property, whether it be the rents or the corpus of the estate, passes out from under the administrative control of the Secretary, it becomes subject to the action of the courts, where complete justice may be done to all parties concerned.

[4] Even if this were not so, the appellants would not be entitled to the writ of certiorari, since the Supreme Court has said so unmistakably that the writ will not issue to review an administrative order made by an executive officer of the government. To this rule there are no exceptions.

The judgment of the lower court must be and is affirmed, at the cost of the appellants.

Affirmed.