COHEN v. FALL, Secretary of the Interior, et al.

(Court of Appeals of District of Columbia. Submitted October 13, 1922. Decided November 6, 1922.)

No. 3772.

1. **Public lands ⊂⊃125, 128—If patent issued to subsequent applicant, prior applicant's remedy by suit to impress trust on patent, and not by injunction.**

If the right of a prior applicant is denied by the issuance of a patent to another, he has an adequate remedy by a suit in equity to have the patent issued to subsequent applicant impressed with a trust in his favor, and, having such a remedy, he is not entitled to an injunction restraining the Secretary of the Interior and the Commissioner of the General Land Office from issuing such a patent, and requiring them to cancel entry of subsequent applicant.

2. **Public lands ⊂⊃109—Successful applicant held necessary party to suit to enjoin issuance of patent.**

Where the Department of the Interior has decided a land contest in favor of one applicant, that applicant is a necessary party to a suit to restrain the Secretary of the Interior and the Commissioner of the General Land Office from issuing the patent.

3. **Public lands ⊂⊃106(1)—Decision of Secretary of Interior within jurisdiction cannot be controlled by injunction, unless arbitrary.**

Where the decision of the Secretary of the Interior in deciding a land contest was neither arbitrary nor capricious, he was acting within his power, and his judgment and discretion cannot be controlled by injunction.

Appeal from the Supreme Court of the District of Columbia.

Suit by Max Cohen against Albert B. Fall, Secretary of the Interior, and William Spry, Commissioner of the General Land Office. From a decree dismissing the bill of complaint, complainant appeals. Affirmed.

S. M. Stockslager, of Washington, D. C., for appellant.

C. E. Wright and Edwin S. Booth, both of Washington, D. C., for appellees.

JAMES FRANCIS SMITH, Acting Associate Justice. The appellant sought in the lower court to enjoin the Secretary of the Interior and the Commissioner of the General Land Office from issuing a patent to one Thomas Boyle, and prayed that they be commanded to cancel the original homestead entry under which Boyle claimed and to reinstate the application of the plaintiff to make a homestead entry.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

From the bill of complaint it appears that on the 16th of January, 1912, John Rooney, a soldier in the Civil War for three years, entered certain public lands as a homestead in the state of Arizona, on which lands he made improvements and established his residence.

Rooney, immediately prior to his death and on the 6th of December, 1912, executed a relinquishment of his homestead entry and delivered the same to Thomas Boyle. At the same time Rooney executed his last will and testament, in which he devised and bequeathed to Boyle all his real and personal property. Rooney's relinquishment was assigned and delivered by Boyle to his daughter, Helen, who on December 2, 1913, after the death of Rooney, filed the same in the local land office and made application for the land covered by the relinquishment as a homestead. Helen's application was rejected. On August 5, 1916, however, the Department of the Interior, having revoked the suspension on account of which it had rejected Helen's claim, remanded her application for entry, with directions to allow it, in the absence of any intervening claims. Helen's application was finally rejected May 12, 1917.

On the 18th of August, 1916, Max Cohen, plaintiff here, filed his application to enter the lands originally entered by Rooney, and on the 26th of August made settlement and established residence thereon. On August 31, 1916, while Cohen's application was still pending, Thomas Boyle, Helen's father, made application to enter the lands for which Cohen applied.

Subsequently, on March 11, 1918, the Commissioner of the Land Office, on his own motion, ruled that the withdrawal of the land did not preclude its designation, and allowed Cohen 30 days in which to show cause why his application should not be rejected, and why the entry of Rooney should not be reinstated for the benefit of Rooney's heirs and devisees; his relinquishment not having been filed until after his death.

From the decision and requirements of the Commissioner, Cohen appealed. His appeal was not sustained, however, and his application for entry was finally rejected on June 26, 1919. On that date, against the protest of Cohen that Rooney's will had never been probated, Boyle made final proof as devisee under said will, and the final certificate was issued.

The Secretary of the Interior and the Commissioner of the General Land Office moved to dismiss the bill of complaint on the ground that the facts alleged did not entitle the plaintiff to the relief demanded, and on the further ground, that any patent issued to Boyle could be charged with a trust in favor of the plaintiff for any right which the plaintiff might have to the land. The motion to dismiss was granted, and from the decree of dismissal this appeal was taken.

[1] That the original entry made by Rooney was valid, and that the lands covered thereby were not subject to entry by Cohen, unless the prior entry of Rooney had been relinquished and abandoned at the time Cohen's application to make entry was filed, is not disputed. From that it follows that the application of plaintiff ought not to have been entertained, and could not be entertained, if such application was made

for lands not open to entry. On the other hand, if the plaintiff was a prior applicant, and had the prior right, and that right was denied by the issuance of a patent to somebody else, then he had an adequate remedy by a suit in equity to have the patent, issued to a subsequent applicant or to the claimant under a relinquished prior entry, impressed with a trust in plaintiff's favor. Having such a remedy he is not entitled to the relief here prayed for. United States ex rel. Hall v. Lane, 48 App. D. C. 279; affirmed 254 U. S. 343, 41 Sup. Ct. 131, 65 L. Ed. 295; Gaines v. Thompson, 7 Wall. 347–353, 19 L. Ed. 62; Litchfield v. Register, 9 Wall. 576, 577, 578, 19 L. Ed. 681.

[2] More than that, the plaintiff asks for a writ which, if granted, would in effect nullify and render of no avail the decisions of the Department of the Interior reinstating the Rooney entry and recognizing the rights therein of Thomas Boyle as devisee under Rooney's last will and testament. Boyle's claim is adverse to that of Cohen, and Boyle's interests under it, whatever they may be, certainly should not be finally determined against him in a proceeding to which he is not a party. Litchfield v. Register, 9 Wall. 578, 579, 19 L. Ed. 681. Even if an injunction were the proper remedy, Boyle was a necessary party and no decree should be made finally determining his rights without giving him his day in court. Brady v. Fall, —— App. D. C. ——, 280 Fed. 1018.

[3] As the Secretary of the Interior was acting within his powers, and neither arbitrarily nor capriciously, his judgment and discretion cannot be controlled by injunction as to a matter which he was authorized and directed by the law to decide for himself. O'Brien v. Lane, 40 App. D. C. 493, 494; United States ex rel. Ness v. Fisher, Secretary of the Interior, 223 U. S. 683, 694, 32 Sup. Ct. 356, 56 L. Ed. 610.

The decree denying the writ and dismissing the bill of complaint, with costs, is affirmed.

Judge JAMES FRANCIS SMITH, of the United States Court of Customs Appeals, sat in the place of Mr. Justice VAN ORSDEL in the hearing and determination of this appeal.