### MATTHEWS v. BARKER et al.
### No. 2013.

District Court, D. Idaho, S. D.

Oct. 25, 1938.

J. A. Elston and Walter Griffiths, both of Caldwell, Idaho, for plaintiff.

Ed. R. Coulter, of Weiser, Idaho, for defendants.

CAVANAH, District Judge.

This is a suit to quiet title to 93.13 acres of land and for damage for interference with plaintiff's use thereof. The real questions which consists of both law and fact between the parties and upon which the decision of the Court must turn, and in its ultimate analysis should control is: whether the plaintiff is the owner of the fee simple title derived by patent issued to him in 1935 by the United States to lot 7 of Section 5 and lots 5 and 6 of Section 8 Township 8 North Range 5 West of Boise Meridian, conveying 93.13 acres according to the official plat of the official survey returned to the General Land Office by the Surveyor General. The defendants assert that in 1881 the United States issued a patent to Jacob Stroup from whom they derived title to lot 6 and the South ½ Southeast ¼ Section 5 and lots 1 and 2 Section 8 Township 8 North Range 5 West of Boise Meridian containing 175 acres according to the official plat of the survey returned to the general land office by the Surveyor General.

The extent of the boundaries of the two tracts of land are in dispute and it becomes necessary first to determine whether the 93.13 acres or any part thereof included in the patent of 1935 are within the boundaries of the tract included in the patent of 1881, and if so, it would have to give way to the grant of the first patent of 1881. In 1868 the Government caused a survey to be made of Sections 5 and 8 in Township 8 North Range 5 West Boise Meridi-

an, bordering on the Snake River, which afterward became Payette County, Idaho, and upon that survey the 1881 patent was issued. Later, in 1921, plaintiff filed a pretended verified possessory claim to the land which he claims was lying between the Stroup land and Snake River and went upon it and claimed the right of possession and made application to the Surveyor General to survey an alleged tract of unsurveyed land located along and adjacent to Snake River in Payette County in Township 8 North Range 5 West of Boise Meridian and which he claimed was located between the Snake River and the meander line of Section 6 and the South ½ of the Southeast ¼ of Section 5 and lots 1 and 2 of Section 5 Township 8 North Range 5, West of Boise Meridian.

Thereafter the United States Surveyor General made a survey of the tract of land and declared it to be public land of the United States and ordered a plat to be filed describing the land as lot 7 of Section 5 and lots 5 and 6 of Section 8 in Township 8 North Range 5 West of Boise Meridian, containing 93.13 acres.

■ The evidence supports the contention that the 93.13 acres thus described and included in the 1935 patent is a part of the land included in the 1881 patent and was at the time privately owned land, owned by Jacob Stroup in which the United States had no interest at the time of the issuance of the 1935 patent as it had conveyed it to Jacob Stroup in 1881, and further there was no land lying between the river and the meander line of the lots.

■ It is apparent that the parties are claiming title under patents issued by the United States and the title of each depends upon the interpretation and meaning of the first patent of 1881. When the United States transferred title to Stroup in 1881, of course, its authority to function as to the land covered in the first patent ceased: United States v. Atherton, 102 U.S. 372, 26 L.Ed. 213; United States v. State Investment Co., 264 U.S. 206, 44 S. Ct. 289, 68 L.Ed. 639; Cragin v. Powell, 128 U.S. 691, 9 S.Ct. 203, 32 L.Ed. 566; Moore v. Robbins, 96 U.S. 530, 24 L.Ed. 848. The Supreme Court has further said: "As the United States already had conveyed the lands, it had no jurisdiction to intermeddle with them in the form of a second survey". Kean v. Calumet Canal & Improvement Co., 190 U.S. 452, 23 S. Ct. 651, 652, 47 L.Ed. 1134.

■ Even if a mistake was made in the description of the land covered by the first patent of 1881, although the evidence discloses there was not, before an attempt can be made by the officers of the land Department to issue a subsequent patent to a part of the land covered by the first patent the Courts were open to the United States to cancel the first patent and to issue a second one as the first patent cannot be attacked collaterally for it can only be done by a direct proceedings instituted by the Government or by parties acting in its name and by its authority, Lee v. Johnson, 116 U.S. 48, 6 S.Ct. 249, 29 L.Ed. 570; Moore v. Robbins, supra; United States v. State Investment Company, supra.

■ It appears that there was submitted to the State Court the issue of fact as to what was the description of and where located, the tracts included in the two patents, and the Supreme Court of the State, in the case of Stroup v. Matthews 44 Idaho 134, 255 Pac. 406, held that the defendant's patent of 1881 covered a certain tract of land, and it now appears that the patent of 1935 covers a tract of land, the description of which is the same as covered by the patent of 1881. The question as to whether the title of the land was in the United States was not involved in the two cases in the State Court as only the one of fact as to the description of the tracts and where located was involved. Certainly the parties had the right to go into the State Court and have that question of fact determined and when they did so they are bound by the decisions of the highest Court of the State. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Stroup v. Matthews, 44 Idaho 134, 255 P. 406. See findings and decrees in evidence, in the cases Barker v. Stroup, and Stroup v. Mathews, supra.

In harmony with these views it must be said in the present case that findings and decree will be entered as prayed for in defendants' answer, with costs.