GLADNEY, Judge.
This action was originally instituted fo.r the recovery of damages for the alleged wrongful taking of timber from a ten acre tract of land situated in LaSalle Parish, Louisiana, title to which was claimed by the plaintiff. After answer was filed by the defendants, in which it was averred that the lawful title to said property was vested in defendant Cary Masters, opposing counsel agreed through stipulation that title to the property in question should be determined by the court, and pleas of prescription as might be appropriate thereto should be considered as filed. Both parties then produced evidence of their deraignment of title from the United States.
After a trial on the merits, the court a qua in a written opinion rendered judgment in favor of plaintiff for damages, but for a lesser sum than claimed, and sustained plaintiff’s ownership of the disputed land by reason of prescription acquirendi causa of ten years under LSA-C.C. Art. 3487. The defendants appealed from the decree and plaintiff has answered the appeals for the purpose of having the award for damages increased to the full amount sought in its petition.
Plaintiff asserts title to ten acres of land described as the Southwest Quarter of the Southwest Quarter of the Northwest Quarter (SWJ4 of SWJ4 of NWj4), Section 4, Township 9 North, Range 4 East, derived from the United States by patent issued to John C. Westbrooks, dated December 17, 1902. Masters asserts title to ten acres of land described as the Southeast Quarter of the Southeast Quarter of the Northeast Quarter (SEj4 of SE}4 of NE¡4) of Section S, Township 9 North, Range 4 East, derived from a patent issued by the United States to Sarah Chadwick, dated August 12, 18S9.
The opinion of the lower court recognized as existing an overlay of sections 4 and 5, Township 9 North, Range 4 East, and proceeded to hold that since the source of the title of Masters was the Chadwick patent which predated the Bradford survey, the Masters title was the superior title under authority of Title 43, U.S.C.A. § 772, which provides resurveys or retracements shall not impair the rights of any claimant affected thereby. As the Bradford survey only purports to be a resurvey of the work previously done by McCrummen, the decision of the court is unquestionably correct on this point. United States v. State Investment Company, 264 U.S. 206, 44 S.Ct. 289, 68 L.Ed. 639; Lane v. Darlington, 249 U.S. 331, 39 S.Ct. 299, 63 L.Ed. 629; Cragin v. Powell, 128 U.S. 691, 9 S.Ct. 203, 32 L.Ed. 566.
The dispute arose because the ten acre tracts differently described in the two titles are inclusive of the same land. Pertinent history gleaned from data in the record shows the boundaries of Township 9 North, Range 4 East, were surveyed by Charles Lawson in 1813, and the section lines within the townships by Kenneth McCrummen in 1823 and 1824. In 1884 George K. Bradford resurveyed the boundaries of the township and section lines. An official plat, conforming to the surveys of Lawson and McCrummen, was placed in evidence, as was a plat of the survey of Bradford. The field notes of the surveys pertaining to township and section lines have likewise been tendered, although we cannot be certain the record contains all pertinent field notes of Lawson and McCrummen.
It seems to be well recognized by present day surveyors, as well as by land owners in Sections 4 and 5, that the north line between these sections was placed farther west by Bradford than by McCrummen. Our study *559 of the official plats, field notes and the testimony of two surveyors who testified as expert witnesses in the case, has not enabled us to definitely determine this line as located by McCrummen. We are of the opinion the Bradford line between Sections 4 and 5 is known with reasonable certainty, and we believe, but vyithout conviction as to its exact location, the section line established by McCrummen was located east of Bradford’s line. Therefore, we accept as true that there exists an overlay of Mc-Crummen’s Section 5 and Bradford’s Section 4.
Supporting their testimony by plats, James B. Barnett and Claude E. McMath, both registered civil engineers, sought to verify the respective title claims of the International Paper Company and Cary Masters. Barnett predicated his location of the Southwest Quarter of Southwest Quarter of Northwest Quarter of Section 4 on the Bradford survey and McMath located the Southeast Quarter of Southeast Quarter of Northeast Quarter of Section 5 according to his determination of the Mc-Crummen section line between Sections 4 and 5. Both appear to agree the two titles call for the same land. This would indicate the overlay of Sections 4 and 5 has a width of about ten chains or more.
We find it unnecessary to determine the correctness of the survey of McMath made for the purpose of locating the property as described in Masters’ title according to the McCrummen survey for the reason the evidence supports the finding of the judge a quo that plaintiff acquired a valid prescriptive title to the disputed property.
The record contains nothing to indicate bad faith on the part of John C. Westbrooks and his successors in title, and accordingly good faith must be presumed. Westbrooks built a home on the land in 1902 when it was patented to him and his heirs were still living there in 1924 when the Louisiana Central Lumber Company, its then record owner, cut the merchantable timber on the property in dispute. The physical possession of Westbrooks extended to all of the land embraced in his patent, and in our opinion he and his successors in title acquired a perfect prescriptive title under LSA-C.C. Art. 3478 in 1912, ten years after the issuance of his patent. The physical possession so commenced by Westbrooks under just title continued under his successors and extended to all the property described in his patent. See Leonard v. Garrett, 1911, 128 La. 535, 54 So. 984; Snelling v. Adair, 1940, 196 La. 624, 199 So. 782; Kees v. Louisiana Central Lumber Company, 1935, 183 La. 111, 162 So. 817; Chamberlain v. Abadie, 1896, 48 La.Ann. 587, 19 So. 574; Art. 847, LSA-C.C.; Collett v. Otis, La.App.1955, 80 So.2d 117; Rhodes v. Collier, 1949, 215 La. 754, 41 So.2d 669.
The defendants submitted some evidence for the purpose of showing adverse possession. The evidence so adduced related to incidents which occurred about 1933, long after the prescriptive title had become perfect.
We fully concur in the views of the court the evidence is insufficient to find the defendants were in bad faith and a review of the testimony as to the damages sustained by plaintiff convinces us that the court correctly determined that plaintiff’s damages should be assessed at $152.45.
For the reasons hereinabove set forth, the judgment from which appealed is affirmed and the International Paper Company, Inc., is recognized as the owner, and as such, entitled to be restored to possession of the Southwest Quarter of the Southwest Quarter of the Northwest Quarter (SWj4 of SWJ4 of NWJ4), Section 4, Township 9 North, Range 4 East, as located under the survey of George K. Bradford. It is further ordered that defendants pay all costs of this suit.